16-937-cr
*United States v. Delarosa*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand seventeen.

PRESENT:  José A. Cabranes,
          Rosemary S. Pooler,
          Gerard E. Lynch,
                    *Circuit Judges.*

---

United States of America,

        *Appellee,*                    16-937-cr

        v.

Iran Delarosa, AKA Sealed Defendant 1,

        *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Andrew Patel, Robert J. Boyle, New York, New York. |
| **FOR APPELLEE:** | Thomas McKay, Michael Ferrara, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Iran Delarosa appeals his sentence of 90 months' imprisonment, contending that the District Court erred in calculating the applicable Guidelines range and that this alleged error prejudiced him. The Government agrees with Delarosa that the District Court's Guidelines calculation was incorrect, but submits that any error was harmless. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. Nonetheless, because the procedural history in this case is somewhat peculiar, we recite it to the extent necessary to aid contextual understanding.

In 2010, police officers executed a search warrant and found approximately fourteen grams of cocaine in Delarosa's bedroom. Roughly two years later, a federal grand jury returned an indictment charging Delarosa with distributing and possessing with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). Delarosa fled, but was arrested in the Dominican Republic and extradited to the United States. After he arrived in the United States in 2015, plea negotiations ensued.

Pursuant to an agreement, Delarosa pleaded guilty to an Information charging him with participating in a drug conspiracy from 2003 to 2010. Delarosa's plea agreement calculated (and stipulated) the applicable Sentencing Guidelines range to be 57 to 71 months' imprisonment. It did so principally by finding that some of Delarosa's prior convictions, dating between 2003 and 2010, should be considered "part of the instant offense" rather than "prior sentence[s]" for purposes of the Guidelines. *See* U.S.S.G. § 4A1.2(a)(1) (defining a "prior sentence" as "any sentence previously imposed . . . for conduct not part of the instant offense"). The agreement's calculation, however, nowhere addressed Delarosa's 1997 adjudication as a "youthful offender," which had been sealed pursuant to New York law. The parties first learned of that prior conviction after Delarosa pleaded guilty and the Probation Office prepared the first Presentence Report ("PSR"). Because the parties had agreed that a drug-related conviction in 2000 was also outside the scope of the charged conspiracy, the 1997 drug conviction constituted a second prior drug felony and triggered the career offender guideline. *See* U.S.S.G. § 4B1.1(a). Under that guideline, as calculated by Probation, Delarosa's sentencing range was 151 to 188 months' imprisonment. Prior to sentencing, the District Court issued an order indicating its agreement with Probation's Guidelines calculation. Defense counsel thereafter asked to be relieved, in anticipation of an ineffective assistance of counsel claim, and the District Court held a conference.

Pursuing an oral suggestion of the District Court to resolve the issue without litigating ineffective assistance of counsel, the parties reached an alternative arrangement. The District Court allowed Delarosa to withdraw his plea, and then accepted his guilty plea to a new Information—charging a drug conspiracy from *1997* to 2010. Under a revised plea agreement, the parties sought to include the 1997 conviction as part of the instant offense, rendering it "relevant conduct" (rather than "criminal history") for purposes of the Guidelines. According to the second PSR, Delarosa's 2000 drug conviction was outside the charged conspiracy, but all of the other drug convictions were relevant conduct and did not add to his criminal history score. The parties, as well as Probation, all believed that the applicable Guidelines range was now, in fact, 57 to 71 months' imprisonment. The District Court disagreed, finding that the career offender guideline still applied and that the Guidelines range was unchanged from 151 to 188 months' imprisonment.

At all times, however, the District Court made plain that the Guidelines range would not affect Delarosa's sentence. *See, e.g.*, A. 123 ("Look, it is not going to make any difference at all, because the guidelines are not mandatory. . . . The guidelines will jump in one direction depending on which way we resolve this issue. But I promise you, my sentence is not going to move even a spec."); *id.* at 180 ("As I said before and will say again, I'll probably say it even more, even if you're right about the proper way to calculate these guidelines, I'm going to sentence the defendant to what I think is appropriate in light of the facts, in light of what happened here . . . ."); *see also id.* at 135, 139, 169, 177. At the close of a thorough and thoughtful sentencing proceeding, the District Court sentenced Delarosa to 90 months' imprisonment.

Our review of a criminal sentence "encompasses two components: procedural review and substantive review." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). "A district court commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *Id.* at 190 (internal citation omitted). When a sentencing court commits procedural error by miscalculating the applicable Guidelines range, "but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (internal quotation marks omitted); *accord Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016) ("The record in a case may show . . . that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range."). At the same time, "we note that a district court generally should not try to answer the hypothetical question of whether or not it definitely would impose the same sentence," even if it erred in calculating the applicable Guidelines range. *See United States v. Feldman*, 647 F.3d 450, 460 (2d Cir. 2011).

Even assuming that the District Court committed procedural error in its Guidelines calculation, it is clear from the record that the Guidelines calculation did not affect the District

Court's ultimate imposition of sentence. Accordingly, any error was harmless, and we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4